IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MATTHEW COCKBURN                                                                              PLAINTIFF
ADC #173568

v.                                          2:21-cv-00035-BSM-JJV

CHRIS BUDNIK, Warden,
Delta Regional Unit, ADC; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Matthew Cockburn ("Plaintiff") is a prisoner in the Ouachita River Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Chaplain Toni Shockey violated his constitutional rights by failing to protect him from being attacked on August 6, 2020, by another prisoner at the Delta

1

Regional Unit.[1]   (Doc. 4.)

Defendant Shockey has filed a Motion for Summary Judgment arguing all claims against her should be dismissed without prejudice because Plaintiff did not exhaust his available administrative remedies.  (Docs. 21-23.)  Plaintiff has not filed a Response, and the time to do so has expired.  After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claim against Defendant Shockey be DISMISSED without prejudice, and this case be closed.

**II.    SUMMARY JUDGEMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.   *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.   *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.   *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.   *Othman v. City of Country Club Hills*, 671 F.3d

---

[1] Plaintiff's claims against the other Defendants were dismissed without prejudice during screening required by 28 U.S.C. § 1915A.  (Doc. 7.)

2

672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

#### A.   The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

#### B.   The ADC's Exhaustion Procedure

The ADC policy in effect during the relevant time in this case was Administrative Directive 19-34. (Docs. 23-1, 23-2.) This Directive establishes a three-step procedure. (Doc. 23-1.)

3

First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id*. § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.*) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance to the Warden on the same Unit Level Grievance Form within three working days. (*Id*. § IV(E)(11).) The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the Warden's response or does not timely receive a response, must appeal within five working days to the appropriate ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

Defendant says in her Statement of Undisputed Material Facts that Plaintiff did not fully exhaust any grievances regarding his failure to protect claim against her. (Doc. 23 at ¶ 22-24.) And, that assertion is supported by the Declaration of the ADC Inmate Grievance Supervisor. (Doc. 23-2 at ¶ 13-17.) Plaintiff has not filed a Statement of Facts disputing that assertion or produced any contrary evidence. Thus, it is deemed admitted. *See* Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party"); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (pursuant to Local Rule 56.1(c), a plaintiff who failed to respond to the motion for summary judgment "forfeited her ability to contest the facts presented" by the defendant); *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact").

Further, nothing in the record suggests administrative remedies were unavailable to Plaintiff to properly exhaust this claim. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust only "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *See Jones*, 549 U.S. at 211. Thus, I conclude Defendant Shockey is entitled to summary judgment.

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly

technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 21) be GRANTED, Plaintiff's claims against Defendant Shockey be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE